1   DAVID J. MICLEAN (#115098/miclean@fr.com)
    KAREN I. BOYD (#189808/boyd@fr.com)
2   LISA M. MARTENS (#195824/martens@fr.com)
    FISH & RICHARDSON P.C.
3   500 Arguello Street, Suite 500
    Redwood City, California 94063
4   Telephone:  (650) 839-5070
    Facsimile:  (650) 839-5071
5

6   Attorneys for Plaintiff
    NEILMED PRODUCTS, INC.
7

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  NeilMed Products, Inc.,                      Case No.

14              Plaintiff,                        **COMPLAINT FOR**

15      v.                                        1.  Declaratory Judgment Against Defendant's
                                                      Claim of Federal Trademark Infringement;
16  Med-Systems, Inc.,

17              Defendant.                        2.  Declaratory Judgment Against Defendant's
                                                      Claim of Federal Trademark Dilution;
18
                                                 3.  Declaratory Judgment Against Defendant's
19                                                    Claim of Federal Unfair Competition; and

20                                               4.  Declaratory Judgment of Plaintiff's Right
                                                      to Use the Marks SINUS RINSE and
21                                                    NEILMED'S SINUS RINSE A
                                                      COMPLETE SALINE NASAL RINSE
22                                                    KIT (Stylized) on Pharmaceutical
                                                      Preparations For the Treatment of Nasal
23                                                    and Sinus Ailments

24

25                                               **DEMAND FOR JURY TRIAL**

26

27

28

Plaintiff NeilMed Products, Inc. ("NeilMed"), for its Complaint against Defendant Med-Systems, Inc. ("Med-Systems"), hereby states and alleges as follows:

## NATURE OF THE ACTION

1.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (as amended) and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. This is an action for declaratory judgment and relief for the purpose of questions of actual controversy between the parties and which seeks the remedies and relief provided in 28 U.S.C. §§ 2201–02 and 15 U.S.C. § 1051 *et seq.*

## PARTIES

2.  Plaintiff NeilMed is a corporation organized and existing under the laws of the State of California with a place of business at 1221 Farmers Lane, Santa Rosa, California  95405.

3.  Upon information and belief, Defendant Med-Systems is a corporation organized and existing under the laws of the State of Washington with a principal place of business in Madison, Wisconsin.  Upon information and belief, Med-Systems has a physical address in Madison, Wisconsin, but refuses to disclose it, claiming instead "a principal address of P.O. Box 45634, Madison, Wisconsin  53744."

## JURISDICTION AND VENUE

4.  Plaintiffs incorporate by reference and reallege the allegations set forth in paragraphs 1 through 3 as though set forth in their entirety herein.

5.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  The claims alleged in this Complaint arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

6.  On information and belief, this Court has personal jurisdiction over Med-Systems because Med-Systems' activities in this state and in this judicial district are substantial, continuous, and systematic.  On information and belief, consumers in this state and in this judicial district can purchase Med-Systems' SinuCleanse product on the Internet.  On information and belief, Med-Systems offers its SinuCleanse product for sale in Walgreens stores throughout this state and this judicial district, including at least 100 Walgreens stores within twenty-five miles of San Francisco,

1  California.  On information and belief, Med-Systems offers its SinuCleanse product for sale in

2  Longs Drugs stores throughout this state and this judicial district, including at least thirty Longs

3  Drugs stores in or near San Francisco County.  On information and belief, Med-Systems has

4  purposefully availed itself of the privilege of conducting business in this state.  On information

5  belief, Med-Systems has appointed an agent for service of process in this state.  NeilMed's claims

6  arise from Med-Systems' activities in this state and in this judicial district.  On information and

7  belief, and in light of all of the foregoing, the exercise of jurisdiction in this state is reasonable.

8       7.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).  Venue is proper

9  under 28 U.S.C. § 1391(b) because Med-Systems resides in this district, and because a substantial

10  part of the events or omissions giving rise to NeilMed's claims occurred in this district.  Med-

11  Systems is deemed to reside in this district pursuant to 28 U.S.C. § 1391(c) because Med-Systems is

12  subject to personal jurisdiction in this state, and because Med-Systems' contacts with this district

13  would be sufficient to subject Med-Systems to personal jurisdiction if this district were a separate

14  state.

15                              **BACKGROUND**

16  **NeilMed and its SINUS RINSE Marks**

17       8.      NeilMed is a well-known producer of pharmaceutical preparations for the treatment

18  of nasal and sinus ailments.  NeilMed has been engaged in the manufacture, distribution, and sale of

19  such pharmaceutical preparations under the marks SINUS RINSE and NEILMED'S SINUS RINSE

20  A COMPLETE SALINE NASAL RINSE KIT (Stylized) (collectively, "the SINUS RINSE Marks")

21  since at least as early as May 1, 2000.

22       9.      NeilMed's SINUS RINSE Marks are distinctive and serve to identify and indicate

23  the source of NeilMed's products to the consuming public.

24       10.     NeilMed heavily advertises and promotes its goods offered under the SINUS RINSE

25  Marks, including on its website at *neilmed.com*.  As a result of this long use and promotion,

26  NeilMed has developed valuable goodwill in its SINUS RINSE Marks.  The SINUS RINSE Marks

27  are extremely well known and famous throughout the United States.  The consuming public in the

28

3

1   United States widely recognizes and associates the SINUS RINSE Marks with NeilMed and its

2   products.

3           11.     NeilMed owns U.S. Trademark Application Ser. No. 78/449,153 for the mark

4   NEILMED'S SINUS RINSE A COMPLETE SALINE NASAL RINSE KIT for use on

5   "pharmaceutical preparations for the treatment of nasal and sinus ailments." The United States

6   Patent and Trademark Office published the mark for opposition on October 25, 2005.

7   **Med-Systems' Activities That Create a Justiciable Controversy**

8           12.     On information and belief, Med-Systems produces products for the treatment of

9   nasal ailments, in direct competition with NeilMed. On information and belief, Med-Systems owns

10  U.S. Trademark Registration No. 2,205,705 for the mark SINUCLEANSE (Stylized), for use on a

11  "medical device used to open and irrigate nasal passages."

12          13.     On or about December 27, 2005, Med-Systems filed a Notice of Opposition against

13  NeilMed's U.S. Trademark Application Ser. No. 78,449,153. Med-Systems' Notice of Opposition

14  alleged that "Applicant's proposed mark NEILMED'S SINUS RINSE A COMPLETE SALINE

15  NASAL RINSE KIT should not be registered because it is causing widespread actual confusion

16  with Med-Systems, Inc.'s earlier and competing SinuCleanse product …."

17          14.     Med-Systems alleged that the nature of the goods described in NeilMed's application

18  and upon which NeilMed's mark is used "are not only similar but concomitant with those covered

19  by Opposer's prior SinuCleanse registration and those goods with which SinuCleanse is in use."

20  Med-Systems alleged that NeilMed's "'pharmaceutical preparations for the treatment of nasal and

21  sinus ailments' … are in fact 'medicals device [sic] used to open and irrigate nasal passages.'"

22          15.     Med-Systems alleged that the "established and likely-to-continue trade channels for

23  both Opposer's SinuCleanse product and Applicant's Sinus Rinse product are not only similar, but

24  in many cases identical."

25          16.     Med-Systems alleged that "the conditions under which and the buyers to whom sales

26  are made favors a finding of likelihood of confusion."

27

28

4

17.     Med-Systems alleged that "Opposer has received reports of widespread *actual confusion* among consumers between the SinuCleanse and Sinus Rinse products as to their source" (emphasis in original).

18.     Med-Systems alleged that "SinuCleanse has achieved substantial fame due to large volumes of nationwide sales and advertising since 1997."

19.     Med-Systems alleged that "the extent of potential confusion is substantial."

20.     Med-Systems alleged that its mark SinuCleanse and NeilMed's mark NEILMED'S SINUS RINSE A COMPLETE SALINE NASAL RINSE KIT (Stylized) "are strikingly similar in terms of appearance, sound, connotation, and commercial impression."

21.     Med-Systems alleged that the phrase "Sinus Rinse" is the dominant portion of NeilMed's mark NEILMED'S SINUS RINSE A COMPLETE SALINE NASAL RINSE KIT (Stylized). Accordingly, Med-Systems' allegations of likelihood of confusion apply equally to the SINUS RINSE mark and the NEILMED'S SINUS RINSE A COMPLETE SALINE NASAL RINSE KIT (Stylized) mark.

22.     Med-Systems alleged that "Applicant's selection and attempted registration of Sinus Rinse (as stylized) is part of a campaign to intentionally and willfully deceive the public and free ride on Opposer's valuable goodwill."

23.     Med-Systems alleged that "Applicant's proposed mark is likely to cause confusion, to cause mistake, or to deceive consumers as to the sponsorship or origin of Applicant's and/or Opposer's goods and services."

24.     Med-Systems' Notice of Opposition alleged a prima facie case of trademark infringement against NeilMed.

**COUNT I**

**For Declaratory Judgment Against**
**Defendant's Claim of Federal Trademark Infringement**

25.     NeilMed restates and re-alleges paragraphs 1–23 of this Complaint as though fully set forth herein.

26.     Med-Systems has engaged in conduct that gives rise to a reasonable apprehension on the part of NeilMed that it will face suit for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), if NeilMed continues its activities, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks.

27.     NeilMed's above-referenced activities do <u>not</u> infringe Med-Systems' purported trademark rights in the SinuCleanse mark.

28.     Med-Systems is <u>not</u> entitled to injunctive relief or to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. § 1117 (including but not limited to profits, damages, costs, or attorneys' fees), for trademark infringement based on NeilMed's use of its SINUS RINSE Marks in connection with the advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments in the United States.

29.     A justiciable controversy exists between NeilMed and Med-Systems concerning NeilMed's lawful advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks.

## COUNT II

### Declaratory Judgment Against
### Defendant's Claim of Federal Trademark Dilution

30.     NeilMed restates and re-alleges paragraphs 1–28 of this Complaint as though fully set forth herein.

31.     MedSystems has engaged in conduct that gives rise to a reasonable apprehension on the part of NeilMed that it will face suit for trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), if NeilMed continues its activities, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks.

32.     Upon information and belief, Med-Systems' purported SinuCleanse mark is <u>not</u> famous.

33.     NeilMed's above-referenced activities do <u>not</u> dilute the distinctive quality of Med-Systems' purported SinuCleanse mark.

34.     Med-Systems is <u>not</u> entitled to injunctive relief or to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. § 1117 (including but not limited to profits, damages, costs, or attorneys' fees), for trademark dilution based on NeilMed's use of its SINUS RINSE Marks in connection with the advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments in the United States.

35.     A justiciable controversy exists between NeilMed and Med-Systems concerning NeilMed's lawful advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks.

## COUNT III

### Declaratory Judgment Against
### Defendant's Claim of Federal Unfair Competition

36.     NeilMed repeats and re-alleges the allegations of paragraphs 1–35 of this Complaint as though fully set forth herein.

37.     Med-Systems has engaged in conduct that gives rise to a reasonable apprehension on the part of NeilMed that it will face suit for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), if NeilMed continues its activities, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks.

38.     NeilMed's above-referenced activities do <u>not</u> constitute unfair competition or infringement of Med-Systems' purported rights in the SinuCleanse mark under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.     Med-Systems is <u>not</u> entitled to injunctive relief or to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. § 1117 (including but not limited to profits, damages, costs, or attorneys' fees), for NeilMed's use of the SINUS RINSE Marks in connection with the advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments in the United States.

COMPLAINT
Case No.

40. A justiciable controversy exists between NeilMed and Med-Systems concerning NeilMed's lawful advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks.

## COUNT IV

### Declaratory Judgment of Plaintiff's Right
### to Use the SINUS RINSE Marks on Pharmaceutical Preparations
### for the Treatment of Nasal and Sinus Ailments

41. NeilMed repeats and re-alleges the allegations of paragraphs 1–40 of this Complaint as though fully set forth herein.

42. NeilMed is entitled to a declaration that it may use and register the SINUS RINSE Marks in connection with pharmaceutical preparations for the treatment of nasal and sinus ailments, and that Med-Systems is not entitled to enjoin or prevent such use or registration.

43. A justiciable controversy exists between NeilMed and Med-Systems concerning NeilMed's lawful advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NeilMed Products, Inc. prays that the Court enter judgment:

1. In favor of NeilMed declaring that NeilMed's above-referenced conduct, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks, does not constitute trademark infringement under Lanham Act § 32, 15 U.S.C. § 1114;

2. In favor of NeilMed declaring that NeilMed's above-referenced conduct, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks, does not constitute trademark dilution under Lanham Act § 43(c), 15 U.S.C. § 1125(c);

3. In favor of NeilMed declaring that NeilMed's above-referenced conduct, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks, does not constitute unfair competition, a false designation of origin, or false description under Lanham Act § 43(a), 15 U.S.C. § 1125(a);

3.    In favor of NeilMed declaring that NeilMed's conduct, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks, has not caused irreparable harm to Med-Systems;

4.    In favor of NeilMed declaring that NeilMed's conduct, including its advertising, promotion, and sale of pharmaceutical preparations for the treatment of nasal and sinus ailments bearing the SINUS RINSE Marks, has not caused monetary damage to Med-Systems;

5.    In favor of NeilMed declaring that NeilMed is entitled to use and register the SINUS RINSE Marks for pharmaceutical preparations for the treatment of nasal and sinus ailments, and that Med-Systems is not entitled to enjoin or prevent such use or registration;

6.    In favor of NeilMed and against Med-Systems on all of NeilMed's claims;

7.    Awarding NeilMed its attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1117; and

8.    Awarding NeilMed such other relief as the Court may deem just and proper.

## JURY DEMAND

NeilMed hereby demands a trial by jury on all issues.

Dated: February 13, 2006                      FISH & RICHARDSON P.C.


                                              By: _____
                                                  David J. Miclean
                                                  Karen I. Boyd
                                                  Lisa M. Martens

                                              Attorneys for Plaintiff
                                              NEILMED PRODUCTS, INC.

10598135.doc

COMPLAINT
Case No.